(Opinion published 55 N. W. Rep. 864.)

---

## J. E. CUSHING et al. vs. JOHN CABLE et al.

Submitted on briefs June 5, 1893.    Affirmed June 28, 1893.

**Liability of Surety.**

Upon a letting for hire of personal property by the plaintiff for a definite term for the use of the bailees, the defendant, as guarantor for the bailees, became responsible for the return of the property. The fact that after the expiration of the term the plaintiff consented to the retention of the property by the bailees exonerates the guarantor from liability for failure to return it.

**Finding of Fact Stated as a Conclusion of Law.**

A fact found by the court, although expressed as a conclusion of law, will be treated as a finding of fact.

Appeal by plaintiffs, J. E. Cushing and G. W. Cushing, from an order of the District Court of Hennepin County, *Henry G. Hicks*, J., made September 21, 1892, denying their motion for a new trial.

After the decision in this case granting a new trial, (48 Minn. 3,) the pleadings were amended by consent, and the issues thus formed were tried June 3, 1892, before the court without a jury. The court made various findings of fact, and then, as conclusions of law, found that the plaintiffs, by their acts in not demanding or insisting on a return of the property, by leaving it, without objection in the peaceable possession of Cable & Chute Bros., for several months, by demanding rent, collecting part of it and suing for the balance, and prosecuting the action to trial and order for judgment, waived their right to insist on a return of the property, and consented to its retention by said Cable & Chute Bros. That after

the expiration of the time named in said lease, Cable & Chute Bros. became, and continued to be, bailees as to said property, and did not detain and hold the same against the will and wishes of plaintiffs, or in violation of said contract of lease. That defendant Cooley is not liable, and is entitled to judgment herein, against plaintiffs for his costs and disbursements.

*Rea & Hubachek,* for plaintiffs, in this and in the former appeal.

*A. D. Polk,* for defendant Cooley, in this and in the former appeal.

DICKINSON, J. In May, 1890, the plaintiffs entered into a contract of bailment with the members of a partnership called Cable & Chute Bros., by the terms of which the former let for hire to the latter, and for their use, two boilers and engines for the period of four months, commencing May 16, 1890. The bailees agreed to pay for the use of the property. the sum of $70 a month, and to return the property to the bailors. The contract gave to the bailees the right of renewal or extension for two months by their giving notice of their election to do so before the expiration of the stated term of four months. By an agreement appended to this contract the respondent, Cooley, assumed the obligation of a guarantor for Cable & Chute Bros., undertaking that they would perform the contract according to its terms, and promising to pay all damages which the plaintiffs might sustain by reason of any violation on their part. The term of the bailment was not extended, as provided in the contract, but after the expiration of the specified time of four months the bailees did not return the property. They kept it, without any new express agreement, until April, 1891, some seven months beyond the specified period of bailment. The agreed compensation was paid for the original term of four months, and somewhat more.

The plaintiffs commenced this action against both the bailees and their guarantor, Cooley, in which action, upon trial, judgment was directed for the plaintiffs against all the defendants for the value of the use of the property during the entire period of its detention, less what had been paid. Upon appeal by Cooley to this court the determination of the court below as to him was reversed, resulting in a new trial, it being considered that, after the lapse of the specified term of four months, there having been no renewal of the term, Cooley's liability was limited to the damages which the

plaintiffs might have suffered from the failure of the bailees to return the property. The case is reported in 48 Minn. 3, (50 N. W. Rep. 891.) Upon a retrial of the case as to the defendant Cooley, the court found, besides the facts already alluded to, that after the expiration of the four months the bailees retained the possession of the property without any new express agreement, the plaintiffs making no objection, nor in any way indicating an unwillingness that the bailees should retain the property if they would continue to pay "rent." It was also found that the plaintiffs received payment to the amount of $81.80 on account of the "rent" for the period following the expiration of the four months. In stating its conclusions of law the court found that the plaintiffs had consented to the retention of the property by the bailees, and that they were not entitled to recover against Cooley.

The findings are not in commendable form. The conclusion that the plaintiffs consented to the retention of the property after the term of four months had expired might more properly have been classed with the findings of fact, and it should be so treated. It is sufficiently apparent that the court considered that from the evidence, to which he referred, it should be inferred that the plaintiffs had acquiesced in the retention of the property by the bailees; and this is to be taken as a finding of fact, although it is expressed as a conclusion of law. Such being the case, Cooley was not to be held responsible for the failure of the bailees to return the property at the end of the specified term to which his contract of guaranty related. The plaintiffs could not, by their own consent or acquiescence, virtually extend the term of letting, whether for a definite or indefinite time, and at the same time claim damages from the guarantor because the property had not been returned.

The introduction in evidence of the pleadings, findings, and order for judgment in this action, as it was at the time of the former trial, could not have prejudiced the plaintiffs.

We think that none of the assignments of error are well founded, and the order appealed from is—

Affirmed.

VANDERBURGH, J., did not sit.

(Opinion published 55 N. W. Rep. 736.)