FRANCIS M. DOTY

*v.*

ELIJAH DOTY *et al.*

*Filed at Springfield November 25, 1895.*

1. EVIDENCE—*possession of land and acts of ownership as evidence of title.* Possession of land for many years by one claiming and dealing with it as his own, and in whose name it appears on the records, will furnish evidence of the strongest character in his favor against persons who, with knowledge of the facts, have acquiesced therein.

2. SAME—*presumption that father is grantee in deed when son bears same name.* The father will be presumed to be the grantee when both father and son bear the name of the grantee, if other things are equal and there is no evidence to the contrary.

3. APPEALS AND ERRORS—*competency of witness cannot be first questioned on appeal.* Objection to the competency of witnesses cannot be made for the first time on appeal.

APPEAL from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

PEEBLES & PEEBLES, and A. N. YANCEY, for appellant:

Where there are two persons of the same name the presumption is the elder is meant. And this is an arbitrary judicial presumption, until overcome by *prima facie* evidence. 9 Am. & Eng. Ency. of Law, 866; *Graves* v. *Colwell,* 90 Ill. 612.

The father is entitled to the services of his minor child, and to all such child earns by its labor. Reeve on Domestic Relations, 422; *Magee* v. *Magee,* 65 Ill. 255.

During the continuance of the life estate of a life tenant no *laches* can be imputed to the remainder-man, he having no right of entry. *Orthwein* v. *Thomas,* 127 Ill. 569; *Rohn* v. *Harris,* 130 id. 531.

The possession of the life tenant is the possession of the remainder-man. *Mettler* v. *Miller,* 129 Ill. 662; *Higgins* v. *Crosby,* 44 id. 262.

FRANK W. BURTON, for appellees Elijah Doty, A. V. Webber and R. Aulabaugh:

Where the owner or person having an interest in property represents another as the owner, or permits him to appear as such, he will be estopped to deny such ownership against persons who, relying on his representations or silence, have purchased or acquired interests in the property. (7 Am. & Eng. Ency. of Law, 18, and authorities cited in note 2.) The same principle is announced in *Flower* v. *Elwood*, 66 Ill. 438; *Davidson* v. *Young*, 38 id. 146; *Dorlarque* v. *Cress*, 71 id. 380; *Chandler* v. *White*, 84 id. 435; *Powell* v. *Rogers*, 105 id. 318; *Reiss* v. *Hanchett*, 141 id. 419; *Cross* v. *Weare Commission Co.* 153 id. 515; *Insurance Co.* v. *Amerman*, 119 id. 336.

Silence, when it is the duty of the party to speak, is equivalent to concealment. 7 Am. & Eng. Ency. of Law, 12, and authorities cited in note 6.

Negligence amounting to a breach of duty supplies the place of intent. 7 Am. & Eng. Ency. of Law, 17, and authorities cited in note 1.

KEPLINGER & STEWARD, for appellee C. O. Matlack:

*Qui tacet consentire videtur; qui potest et debet vetare, tacens jubet.* *Wendell* v. *Van Rennselaer*, 1 Johns. Ch. 344.

We submit the appellant is guilty of *laches*, and the doctrine of equitable estoppel applies to him, and he is barred by the Statute of Limitations. We cite the following authorities in support of this position: *Carpenter* v. *Carpenter*, 70 Ill. 463; *Howe* v. *South Park Comrs.* 119 id. 117; *Castner* v. *Walrod*, 83 id. 174.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill for the partition of forty acres of land, filed May 23, 1894, in the circuit court of Macoupin county, by Francis M. Doty and others, as the heirs-at-law of their father, Elijah Doty, deceased, against Elijah Doty, (a son of said Elijah Doty, deceased,) Alexander V. Webber, Richard Aulabaugh and Charles O. Matlack. The

bill alleges that said Doty, the father, in his lifetime
entered the land in question at the land office at Edwards-
ville in the fall of 1853, at the government price of $1.25
per acre, and paid the total amount, $50, at that time,
and that he afterwards received a patent for the land
from the government, signed by Franklin Pierce, Presi-
dent of the United States.  It is also claimed that their
father occupied said premises, with his family, from about
1848 to the time of his death, in 1860; that he left surviv-
ing him a widow and eight children, and that under the
law in force at the time of his death the widow was
entitled to the use and occupation of the tract in ques-
tion until her death, which occurred in 1888, her dower
not having been set off to her.

The defendant Elijah Doty answered the bill, denying
that his father ever had any title to the land, but claimed
that it was entered by his father for him, the son; that
he was nineteen years old and was working out and
earned the money, his father having given him his time,
and that he sent his father to Edwardsville to pre-empt
the tract for him; that in September, 1854, he made final
payment for the land at Edwardsville and secured a cer-
tificate of entry.  He testified that in 1867 he procured a
patent from the United States, which he recorded in
Macoupin county; that his father and mother and the
family stayed with him on the place, and that he was in
the full and undisputed possession, and paid the taxes
from the year 1854 until he conveyed the premises, by
warranty deed, to defendant Alexander Webber, in 1892;
that he had frequently mortgaged the premises before he
had sold to Webber; that on March 9, 1894, Webber exe-
cuted a bond for a deed to the tract to defendant Richard
Aulabaugh, and since that time said Aulabaugh has been
in sole possession.  Defendants Webber and Aulabaugh
joined in the answer with defendant Doty, and set up
laches and the Statute of Limitations as a further defense.
Defendant Matlack answered separately, setting up a

loan of $900 to defendants Doty and Webber February 10, 1893, and their mortgage of said premises and another tract securing said loan.

The cause was referred to the master in chancery, who reported the evidence to the court. Each party reserved the right to introduce further evidence before the court on the final hearing, and on such hearing complainants introduced the certificate of the Auditor of Public Accounts, dated February 23, 1895, certifying that the records of the general land office, formerly located at Edwardsville, showed that said land was sold to Elijah Doty, of Macoupin county, October 4, 1853, for $1.25 per acre, and that his receipt for $50 was dated October 4, 1853, and numbered 26,662. The court found the equities with the defendants; that defendant Elijah Doty received a patent from Franklin Pierce, President of the United States, to the premises in question, dated September 15, 1854, which instrument was recorded in Macoupin county December 13, 1867; that he was the owner of the said premises, and had been in possession and control, undisputed, and paid all taxes assessed thereon, from the date of said patent until the sale by him to defendant Webber, in 1892; that defendant Webber had not, prior to this conveyance to him by defendant Doty, any notice that complainants, or any of them, had or claimed to have, and that they had not claimed, any interest in said premises, and that defendant Webber had executed a mortgage of the premises to defendant Matlack, and that the latter had no notice that complainants, or any of them, claimed any right or interest in, and that they had no right or interest in, said premises. The bill was dismissed by the court at complainants' costs. From that decree this appeal is prosecuted by complainant Francis Doty.

The questions involved are mostly questions of fact. The land was entered and the patent issued in the name of Elijah Doty, but whether it was Elijah Doty the father or Elijah Doty the son is a question which, from the con-

159—4

flicting evidence in the record, is not altogether free from difficulty. If the testimony of Elijah Doty, the appellee, is to be believed, his father, since deceased, entered the land for him, in his name and with his money. It is not disputed, but clearly proved, that $20 of the money was furnished by Elijah Doty, the son. He testified that he paid the balance also, but there is other evidence in the record tending to prove the contrary. It cannot be said, however, that his statement in this respect is clearly disproved, and unless it shall be concluded that he is unworthy of belief, we are of the opinion that his testimony that he furnished all of the money is not overcome by the other evidence in the record. The evidence showed that he was nineteen years old at the time the land was entered, that his father had given him his time, and that he was working out as a hired hand. It is clearly proved that he paid all the taxes assessed on the land up to the time he sold the land, in 1892; that he cleared and improved the land, and exercised acts of ownership over it for many years, running back nearly to the time of its original entry. He testified that it was understood between himself and his parents that they should have a home there as long as they lived. His father died in 1860 and he married in 1861, and thereafter lived on, improved and cultivated the land until he sold it, in 1892, except that for two periods—one of about one year and the other of about two years—he was in Kansas, but during these periods of absence he rented the land to others and received the rents. His mother remained on the land for about two years, only, after the death of his father, and thereafter lived with her children, who had married and settled in the immediate neighborhood. It does not appear that she ever claimed any interest in the land or to the income or rents. Nearly all of his brothers and sisters settled and lived in the immediate neighborhood, but there is no evidence in the record that they ever questioned his right to the land or to the rents received for it.

In 1865—twenty years before the commencement of this
suit—he mortgaged the land for borrowed money, with
the knowledge and in the presence of one of his brothers,
and no question of his right to do so was raised.   His
brother Francis Doty, the principal complainant and the
only one prosecuting this appeal, testified that he heard
of his brother mortgaging the land but paid no attention
to it, and that he saw the record, which showed that his
brother was dealing with the land as his own. His mother
died in 1888, at the home of one of her children in the
neighborhood, while appellee Elijah Doty was living on
this land, and for more than six years after her death
nothing was done or said by any of the complainants to
question his title.   He sold and conveyed the land, by
warranty deed, to appellee Webber, in 1892, and deliv-
ered the possession to Webber, and afterward he and
Webber joined in a mortgage to appellee Matlack on this
and other land, without objection or hindrance from any
of the complainants.

To avoid the Statute of Limitations, it is insisted
by appellant that the mother's dower not having been
assigned to her, she was entitled to the whole of the
premises until her death, and that whatever possession
appellee Elijah Doty had, was under and subject to her
right, and that after her death he was in possession as a
tenant in common with the other heirs.   We do not deem
it necessary to consider the lapse of time, nor the appar-
ent acquiescence of the complainants in the acts of their
brother Elijah Doty in dealing with others respecting the
land, as bearing upon the questions discussed by counsel
relating to the Statute of Limitations, *laches* or estop-
pel, but only as bearing upon the question of fact as to
whether the Elijah Doty named in the patent was the
father or the son.   That such lapse of time, and such long
silence of complainants, apparently with full knowledge
that their brother was claiming the land and dealing with
it as his own and that the title of record was vested in

him, are facts of the strongest character tending to corroborate the claim and testimony of appellee Elijah Doty, cannot reasonably be questioned. Independently of any evidence to the contrary, or other things being equal, it would undoubtedly be presumed that the Elijah Doty mentioned in the certificate of entry and in the patent was the father, instead of the son, for where a father and son have the same name, and a conveyance of land is made, leaving it uncertain on the face of the deed whether the grant is to the father or the son, the law will presume that the father was intended as the grantee, in the absence of proof to the contrary. (*Graves* v. *Colwell*, 90 Ill. 612.) We think such proof was made in this case, and on the whole evidence we are of the opinion the son, and not the father, was the patentee.

We do not think the case as made by appellees was overcome by the certificate of the Auditor, given in evidence by the complainants. It throws no light on the question of identity except as to fixing the date of entry and of the receipt of the $50. We do not, however, attach as much importance to the question whether the money was paid in 1853 or in 1854 as counsel have done in their argument. As to just what occurred forty years ago, and the year in which it occurred, the memory of man could not, in most instances, be depended upon as being exact; but the fact whether the land was bought with the money of appellee Elijah Doty, and in his name and for him, he would doubtless remember, and we cannot, when all of the evidence is considered, and especially in the face of the strong corroborating facts and circumstances in the record, find that he is unworthy of belief.

It is contended by counsel for appellant that appellee Elijah Doty was not a competent witness, and that his testimony should be disregarded. We do not feel called upon to determine whether he was a competent witness or not. The complainants had the right to treat all the parties to the suit, and persons interested in the event

of the suit, as competent witnesses, if they chose to do so. In other words, they had the right to waive the right to object to the testimony of any witness on the ground of incompetency. The testimony was taken before the master, and the right to object to the testimony of any witness on the ground of incompetency on the trial of the cause was reserved. But no such objection was made on the trial, but the whole evidence, as taken by the master, was read on the hearing without objection. No objection having been made to the testimony in the trial court that the witness Elijah Doty was incompetent, none can be made for the first time in this court, but the right must be deemed to have been waived. *Warren* v. *Warren*, 105 Ill. 568; *Kelsey* v. *Snyder*, 118 id. 544; *Webb* v. *Alton, etc. Fire Ins. Co.* 5 Gilm. 223.

Believing that the learned chancellor decided the case correctly in the circuit court, the decree will be affirmed.

*Decree affirmed.*