E. C. KINNEY and Another v. T. N. MATHIAS and Others.[1]

August 1, 1900.

Nos. 12,196—(239).

**Mechanic's Lien—Adjoining Owners—Enforcement against Each Building.**

The holder of a mechanic's lien for material furnished for the construction and erection of two buildings, the property of separate owners, but located upon adjoining real property, and erected as one structure, under an agreement between the contractor and the owners of each building, may enforce a lien against the separate property of each by showing the proportionate amount and value of the material used in each building. Miller v. Shepard, 50 Minn. 268, followed.

**Findings—Conclusion of Law.**

A conclusion of law found by the trial court which is based upon specific findings of fact cannot be referred to or treated as a finding of fact.

Action in the district court for Faribault county to foreclose a mechanic's lien on property of defendants T. N. Mathias and Rosenow & Bleedorn. All other lien holders were made parties defendant, among them F. I. Crane and Revord & Holmes. The case was tried before Quinn, J., who found against plaintiffs, but in favor of defendants Crane and Revord & Holmes for $465.30 and $103.35 and an attorney's fee respectively, and ordered judgment for the foreclosure of their liens for such amounts on the property of defendant Mathias. From an order denying a motion for a new trial, defendant Mathias appealed. Reversed.

*Conant & Conant,* for appellant.

*A. W. Wright* and *Lafayette French,* for respondents.

BROWN, J.

This is an action to foreclose a mechanic's lien. Respondents had judgment in the court below, and defendant Mathias appeals from an order denying a new trial.

The facts are as follows: Appellant, Mathias, owned a lot adjoin-

[1] Reported in 83 N. W. 497.

ing one owned by Rosenow & Bleedorn, in the village of Wells, this state. On August 23, 1897, defendant Swenson entered into a contract with said Rosenow & Bleedorn to furnish the material for and to construct upon their lot a store building for the consideration of $2,350, and at the same time entered into a contract with defendant Mathias to furnish the material for and to construct upon his lot a store building for the consideration of $3,450. As stated, said lots were adjoining, and at the time of making such contracts it was understood and agreed by and between all of said parties that such buildings were to be erected together at the same time, and as one structure. Pursuant to these contracts, and the agreement and understanding of said parties, Swenson commenced the erection of the buildings, and erected and constructed them as one building and structure, using and employing the material purchased of respondents indiscriminately in and about each. The court below expressly found as a fact that respondents furnished material for the construction of such buildings, but there is no finding as to the specific quantity or value that was used in either. A balance was found due respondents for such material, and judgment ordered against the property of Mathias alone.

The only question presented for consideration is whether a lien claimant holding a lien for material furnished in the construction of two buildings as one structure, where the buildings are the separate property of the owners of the real property on which situated, may enforce his lien against the separate property of one of the owners to any greater extent than the just proportion of the material used in each separate building. It seems to us that the question is ruled by the case of Miller v. Shepard, 50 Minn. 268, 52 N. W. 894. It is there held that the lien claimant may proceed against the joint property on which the buildings were erected, or against the separate property of each owner, but, if he proceeds against the separate owners, he must show the proportionate amount and value of material which went into each building. This does not appear in this case. But it does appear that the material for which a lien is sought against the property of Mathias was used in the construction of both buildings, and no finding points out the portion of the whole

or of the balance found due that was used in Mathias' separate building. It follows that the learned judge below erred in ordering judgment for the entire balance so found due against the property of Mathias alone, and there must be a new trial.

The contention of respondents' counsel that one of the conclusions of law may be referred to and treated as a finding of fact cannot be sustained. It was not intended as such, and, besides, to treat it as a finding of fact would render otherwise clear and specific findings indefinite and conflicting. Neither can we refer to the evidence to spell out the facts necessary to sustain the order for judgment. We are controlled by the findings of fact, and, as they are insufficient to warrant the judgment ordered by the conclusions of law, there must be a new trial.

Order reversed and a new trial granted.