TOWN OF CAMPBELL v. THOMAS WAITE.[1]

November 1, 1901.

Nos. 12,675—(49).

Highway—Evidence.

Evidence in this action examined and considered, and *held* to sustain the findings of the trial court to the effect that a public highway exists over the land in controversy in the action to the width of four rods.

Appeal by defendant from an order of the district court for Wilkin county, Flaherty, J., denying a motion for a new trial. Affirmed.

*F. W. Murphy*, for appellant.

*Lyman B. Everdell* and *Edward Balentine*, for respondent.

BROWN, J.

This was an action to restrain and enjoin defendant from interfering in any way with the free use of a public highway. The action was tried below without a jury, plaintiff recovered, and defendant appeals from an order denying a new trial.

Whether the locus in quo is a public highway is the principal question in the case. It is claimed on the part of plaintiff that it is, and this contention is based upon two grounds: (1) That the same was duly opened as such in the year 1880 by the town board

[1] Reported in 87 N. W. 782.

of supervisors, acting under and pursuant to G. S. 1894, § 1875; and (2) if the action of such board be held ineffectual, that subsequently to the attempted opening thereof the same was continuously traveled, worked, and used as a highway by the public generally, and became such by dedication by force of section 1832. The learned trial court found as a fact not only that it was opened by the board of supervisors, but that it became a highway by the public use thereof with the acquiescence and consent of defendant.

The statute under which the town board acted provides:

"In all townships in this state in which no public roads have been laid out, or which have not been organized, the congressional section lines shall be considered public roads, to be opened to the width of two rods on each side of such section lines, upon the order of the board of supervisors, without any survey being had except where it may be necessary on account of variations caused by natural obstacles, subject, however, to all the provisions of this chapter in relation to assessment of damages."

On the theory that the effect of the statute was to establish and constitute as public highways all section lines in unorganized towns and in towns in which no public roads had been laid out at the time of the enactment of the statute, the town board, by resolution, declared the line in question opened as such.

Objections were made to the competency of the evidence tending to show the action by the town board, and it is contended in this court that the statute is invalid, it being urged that the same is unconstitutional, because no provision is made for the payment of damages. But whether the evidence of the proceedings on the part of the board of supervisors purporting to open the highway to public use was competent, or whether such proceedings were sufficient in point of law to effect that purpose, or whether the statute under which they acted is constitutional, need not be determined at this time  The evidence of the proceedings by the board was objected to by defendant as incompetent and insufficient, and the order overruling his objection is urged as reversible error. If this was error, in view of the findings of the trial court on the other branch of the case, it was error without prejudice, and not ground for a new trial.

Even though it be conceded that the evidence was incompetent, and the act of the board of supervisors ineffectual for any purpose, still the resolution passed by them may be referred to in characterizing the subsequent acts of the public as bearing upon the subject of dedication. Ziebarth v. Nye, 42 Minn. 541, 44 N. W. 1027. Subsequent to the proceedings had by the board of supervisors, the highway attempted to be opened by them was traveled by the public generally, was repaired by the public authorities, and generally recognized as a public highway, so that whether it was lawfully laid out by the town supervisors or not is not controlling in this case. But the attempt to lay out may be referred to in explanation of the subsequent acts of the public.

We do not, therefore, pass upon any question pertaining to the competency of the evidence offered in support of this branch of the case, nor as to the scope, purpose, or validity of G. S. 1894, § 1875, but proceed to the important question, namely, whether the evidence is sufficient to justify the findings of the trial court that the highway was established by statutory user under and by force of section 1832. This statute provides, among other things,

"That when any road or portion thereof shall have been used and kept in repair, and worked, for six years continuously as a public highway, the same shall be deemed as having been dedicated to the public, and be and remain, until lawfully vacated, a public highway, whether the same has ever been laid out as a public highway or not."

The trial court found that in the year 1882 the highway in question was used, worked, and graded with the knowledge, consent, and assistance of the then owner of the land; that a grade with a ditch on each side was established along the center of the highway to the width of about two rods; that ever since that date the highway so graded has been traveled and used by the public generally with the full knowledge of the owners of the land over which it passes; that the grade was rough, and during wet weather difficult to travel, so that considerable of the travel was outside of the grade, but for the most part within four rods of the center line of the road. As conclusions of law the court found, among other things, that there was a legal highway over the

locus in quo "extending two rods on each side" of the section line.

The findings bring the case clearly within the statute, and the only question is whether the evidence sustains them.    It is claimed by appellant that it does not, at least that the findings of fact do not, show a highway four rods wide.   The findings are specific that the highway was graded two rods wide and used portions of the year to the extent of four rods.   The finding as to the width of the highway found in the conclusions of law is not, strictly speaking, a conclusion of law, but a conclusion of fact, and may be treated as such though found among the conclusions of law, it not being inconsistent with any of the specific findings of fact.   Cushing v. Cable, 54 Minn. 6, 55 N. W. 736; Missouri, K. & T. Trust Co. v. McLachlan, 59 Minn. 468, 61 N. W. 560; Kinney v. Mathias, 81 Minn. 64, 83 N. W. 497.   So that, taking the findings as a whole, they are to the effect that a highway exists over the land in question, by statutory dedication, to the width of four rods.

We have examined the evidence contained in the record with care and patience, and reach the conclusion that the findings cannot be disturbed.   The evidence is not clearly and palpably against the conclusions of the trial court, and, within the oft-repeated rule, this court cannot interfere.   It would serve no good purpose as a precedent to discuss the evidence, and we refrain.

As to the proposition of appellant that, conceding the highway to have been established by dedication, the same became lost to the public by the adverse possession of the owner of the land over which it passes, we have only to say that, while it is true that private ownership in public streets and highways may be acquired by adverse possession, and the public be thus deprived of its easement, there is no finding of any such adverse possession.   We are controlled in disposing of the case by the findings of the trial court, and, there being no finding upon this question, it cannot be considered; nor do we find that the trial court was requested to make any finding with respect to it.

We have examined all the assignments of error, and have read

with care the very full and complete brief of counsel for appellant, but find no reversible error.

Order affirmed.