### G. J. HESS v. JACOB STOCKARD.[1]

December 21, 1906.

Nos. 15,037—(191).

**Identity of Names—Presumption.**

In an action of ejectment *held* that:

Where father and son have the same name as the grantee in a conveyance of land, and neither is otherwise designated therein as the grantee, the father will be presumed to be the grantee if other things are equal and there is no evidence to the contrary.

**Presumption Rebutted.**

The fact that the son in this case gave a mortgage to the father on the land described in a deed, in which the name of the grantee was the same as their own, and the father accepted the mortgage, placed it on record, and afterwards sold it, is sufficient to rebut any presumption that might otherwise arise that the father was the grantee.

[1] Reported in 109 N. W. 1113.

Appeal by plaintiff from a judgment of the district court for Stearns county, entered pursuant to the findings and order of Searle, J. Affirmed.

*Taylor & Jenks,* for appellant.

*Bruener & Klasen,* for respondent.

START, C. J.

Appeal by the plaintiff from a judgment of the district court of the county of Stearns in an action of ejectment. The complaint alleged that the plaintiff was the owner in fee simple of forty acres of land therein described, and entitled to the possession thereof, but that the defendant was in the possession of it. The answer admitted that the defendant was in possession of the land, denied the plaintiff's alleged title, and averred that the defendant was the owner in fee simple of the land and entitled to the possession thereof. Cause was tried by the court without a jury, findings of fact made, and as a conclusion of law therefrom judgment was ordered for the defendant on the merits, and it was so entered. There is no settled case or bill of exceptions. Hence it must be presumed that all the facts found were established by ample competent evidence. The sole question, then, to be determined is whether the facts found sustain the conclusion of law.

Briefly stated, the material facts are these:

(1) On July 27, 1885, the St. Paul & Chicago Railway Company was the owner in fee of the land and its title duly recorded. On that day it executed to Jacob Neutzling a written executory contract, whereby it agreed to sell and convey the land to him upon payment of $160 and interest. On May 31, 1894, Jacob Neutzling assigned the contract to Jacob Neutzling, Jr. Neither the contract nor the assignment thereof was ever recorded in the office of the register of deeds. The railway company duly executed and delivered a warranty deed of the land to Jacob Neutzling, Jr., which was duly recorded in the office of the register of deeds on November 20, 1894.

(2) On February 25, 1895, Jacob Neutzling, Jr., conveyed the land by warranty deed, duly recorded the next day, to Elizabeth Neutzling, who, with her husband, Jacob Neutzling, on June 2, 1896, executed a warranty deed, duly recorded on July 2, 1900, to Jacob Weidner, whereby they conveyed the land to him.

(3) On June 8, 1896, Jacob Weidner executed a warranty deed, duly recorded on July 2, 1900, to Jacob Neutzling, whereby he conveyed the land to him. On June 30, 1900, Jacob Neutzling, Jr., executed and delivered a mortgage, in the usual form, on the land, with other land, to Jacob Neutzling, Sr., which was duly recorded on July 13, 1900, to secure the payment by Jacob Neutzling, Jr., the mortgagor, to Jacob Neutzling, Sr., the mortgagee, of the sum of $6,000.

(4) On October 30, 1903, Jacob Neutzling, Sr., the mortgagee, for a valuable consideration, duly sold and assigned the mortgage to the defendant, and the assignment was duly recorded November 18, 1903. The defendant before purchasing the mortgage caused an abstract of the title to the land to be made, submitted the same to his attorney, and acted upon his advice as to the title. He never knew and never had any notice that Jacob Neutzling, Sr., had an executory contract from the railway company for the land in question, nor did he ever know or ever have any notice that Jacob Neutzling, Sr., had made an assignment of the contract between him and the railroad company to Jacob Neutzling, Jr. The defendant took an assignment of the mortgage for value and without any notice or knowledge of any outstanding equity.

(5) Default was made in the conditions of the mortgage, and it was duly foreclosed and the mortgaged premises duly sold to the defendant at the foreclosure sale on January 16, 1904, and the certificate of sale was duly recorded within two days thereafter. No redemption was ever made from such sale.

(6) On October 3, 1884, a judgment for $277.35 was recovered and docketed in the district court of the county of Stearns by the First National Bank of Whitewater, Wisconsin, against Jacob Neutzling, and on July 8, 1893, the land was sold to the bank and Mary W. Tolman on execution to pay the judgment. The usual certificate of sale was made to them, which was duly recorded on July 24, 1893. No redemption was ever made from this sale. The bank and Mary Tolman severally quitclaimed the land to the plaintiff. The quitclaim deed from the bank is dated January 4, 1904, and the consideration expressed therein is $1 and other good and sufficient considerations, and the one from Mary W. Tolman is dated October 14, 1903, and the consideration expressed therein is $55. Neither of the deeds were ever filed for record

·or recorded in the office of the register of deeds. Neither the bank, nor Tolman, nor plaintiff has ever been in possession of the land.

The trial court from the foregoing evidentiary facts found the ultimate fact and conclusion of law that the defendant was the owner in fee and entitled to the possession of the land and that the plaintiff was not, that the defendant recover his costs and disbursements, and direct·ed judgment accordingly.

It is a fair inference from the record that Jacob Neutzling, Sr., and Jacob Neutzling, Jr., are father and son, that the executory contract for the sale of the land was made to the father, and that the judgment was against him, although the trial court did not so expressly find. It is clear that the rights of the defendant are not affected by the executory contract from the railway company to Jacob Neutzling, Sr., for the sale of the land, for the reason that it was never recorded, and the ·defendant was a bona fide purchaser of the mortgage, upon which his title to the land rests, without notice, and for a valuable consideration.

The plaintiff, however, claims that Jacob Neutzling, Jr., by his deed ·dated February 25, 1895, to Elizabeth Neutzling, was divested of his title to the land and never thereafter acquired any title thereto. Hence his mortgage to Jacob Neutzling, Sr., dated June 30, 1900, through which the defendant claims title, conveyed no interest in or lien upon the land. This conclusion is based upon the assumed premises that the ·deed of the land by Jacob Weidner to Jacob Neutzling, as stated in the finding of fact, which we have designated as No. 3, was made to Jacob Neutzling, Sr. The trial court did not so find, but, on the contrary, it made in its conclusions of law the ultimate finding of fact that the defendant was the owner in fee of the land. This fact necessarily includes a finding that Jacob Neutzling, Jr., was the grantee in the deed in question. Unless this ultimate finding conflicts with the third specific finding, it is controlling, but, if it is inconsistent with the specific finding, the latter must control. Cushing v. Cable, 54 Minn. 6, 55 N. W. 736; Kinney v. Mathias, 81 Minn. 64, 83 N. W. 497; Town of ·Campbell v. Waite, 84 Minn. 254, 87 N. W. 782.

The contention of the plaintiff is that, where father and son have the same name and a conveyance of land is made to one of them without designating whether to the father or to the son, the law will pre-

sume, in the absence of evidence to the contrary, that the father was·intended as the grantee; and, further, that in this case there are no other facts found which would rebut the presumption that Jacob ·Neutzling, Sr., was the grantee in the deed referred to in the third finding. The rule as to the presumption in such cases claimed by the plaintiff is sustained by the case of Graves v. Colwell, 90 Ill. 612. See however 13 Cyc. 729, and the cases of Bidwell v. Coleman, 11 Minn. 45 (78), Ambs v. Railway Co., 44 Minn. 266, 46 N. W. 321, Blomberg v. Montgomery, 69 Minn. 149, 72 N. W. 56, Simpson v. Dix, 131 Mass. 179, and Doty v. Doty, 159 Ill. 46, 42 N. E. 174.

Upon principle and authority we are of the opinion, and so hold, that where father and son have the same name as the grantee in a conveyance of land, and neither is otherwise designated as the grantee, the father will be presumed to be the grantee if other things are equal and there is no evidence to the contrary. Applying this rule to the facts of this case, it is obvious, without argument, that the evidentiary facts found by the district court as to the execution of the mortgage by the son to the father, its acceptance by him, and his placing it on record and selling it to the defendant are ample to rebut any presumption that the father, and not the son, was the grantee in the deed here in question. It follows that the special findings of fact and the ultimate finding that the defendant is the owner in fee of the land are consistent, that the latter is a logical and necessary inference from the former, and, further, that the conclusions of law of the trial court and its judgment are sustained by its findings of fact.

Judgment affirmed.