JAMES A. WILLHITE *et al.* Defendants in Error, *vs.* WIL-
    LIAM B. BERRY *et al.* Plaintiffs in Error.

*Opinion filed February 20, 1908.*

1. APPEALS AND ERRORS—*competency of witness cannot be first
questioned on appeal.* The competency of a witness who was a
party to the suit and who was called by the complainants and re-
called by the defendants and fully examined by both parties with-
out objection to his competency, cannot be questioned for the first
time in a court of review, though one party defended by his con-
servator, who was represented in court by an attorney.

2. DEEDS—*when deed amounts only to a release of a mortgage
and is not color of title.* A quit-claim deed made by a mortgagee
to the widow and heirs of the deceased mortgagor after the mort-
gage has been foreclosed and a certificate of sale issued amounts
only to a release of the mortgage, and cannot be relied upon as
color of title by grantees of the widow.

3. LIMITATIONS—*when right to partition is not barred.* Where
homestead premises worth less than $1000 are mortgaged, the mort-
gage foreclosed after the death, intestate, of the mortgagor, and a
quit-claim deed made to the widow to release the mortgage, a con-
veyance by her to an heir, though purporting to convey the fee,
conveys only the widow's life interest in the property as a home-
stead together with a release of her dower in the interest of the
grantee, and the Statute of Limitations does not begin to run
against the other heirs, in favor of the grantee and his assigns,
until the death of the widow, notwithstanding they have had pos-
session since the conveyance by the widow.

DUNN, J., dissenting.

WRIT OF ERROR to the Circuit Court of Christian
county; the Hon. TRUMAN E. AMES, Judge, presiding.

This was a bill in chancery filed in the circuit court of
Christian county by the defendants in error, against plain-
tiffs in error, for the partition of lot 14, in block 3, in the
village of Edinburg, Christian county, Illinois. Answers
and replications were filed and a trial was had, and a de-
cree was entered in accordance with the prayer of the bill,
and the defendants have sued out a writ of error from this
court to review said decree.

It appears from the record that Henry H. Willhite died intestate December 14, 1881, seized in fee simple of said premises, upon which he resided with his family as his homestead; that he left him surviving as his widow, Martha J. Willhite, and Aaron M., James A., John H. and Otto E. Willhite as his sons and sole heirs-at-law; that George P. Harrington held a mortgage upon said premises at the time of the death of Henry H. Willhite; that he subsequently filed a bill to foreclose said mortgage against the widow and heirs of Henry H. Willhite, deceased;· that after the foreclosure proceedings had ripened into a certificate of sale, the widow·and heirs, with money belonging to Henry H. Willhite's estate, paid Harrington the amount of ·said mortgage, and he released the same by making a quit-claim deed to Martha J. Willhite and her second husband, Jacob· Willhite, the said Jacob Willhite being a brother of her first husband; that on February 21, 1890, Martha J. and Jacob Willhite conveyed the said premises by warranty deed to John H. Willhite, and on December 9, 1890, John H. Willhite conveyed said premises to Isaac B. Robertson, and Robertson, on October 10, 1892, conveyed the same to John D. Davidson, and Davidson, on November 21, 1898, conveyed the same to John W. Ruby, and John W. Ruby, on February 24, 1900, conveyed the same to Edwin Ruby, and Edwin Ruby, on March 28, 1903, conveyed the same to Alexander Jones, and on March 28, 1904, Jones conveyed the same to the plaintiff in error William B. Berry; that the immediate and remote grantees of Martha J. and Jacob Willhite went into possession of said premises and paid the taxes levied thereon subsequent to the conveyance by Martha J. and Jacob Willhite to John H. Willhite, and that William B. Berry was in possession of the said premises, through a tenant, at the time this bill was filed; that William B. Berry is distracted and appears in this suit by a guardian *ad litem* and his conservator; that Martha J. Willhite died intestate January 16, 1903; that John H. Willhite

died intestate September 18, 1898, leaving him surviving his widow and three children, one of whom has died subsequent to his death, and Otto E. Willhite died intestate, unmarried and childless, October 14, 1901.

FRANK P. DRENNAN, for plaintiffs in error.

J. C. & W. B. MCBRIDE, for defendants in error.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

It is first contended that James A. Willhite was an incompetent witness as he was a party to the suit, and William B. Berry was defending by his conservator. Had that question been raised in the court below the contention of the plaintiffs in error would doubtless have been sustained. It was not there raised. James A. Willhite was called by the complainants and recalled by the defendants and fully examined by both parties without objection as to his competency as a witness relative to the heirs of Henry H. Willhite, deceased, the homestead rights of Henry H. Willhite and Martha J. Willhite in said premises, and the manner of the release of the Harrington mortgage on the said premises. There was no controversy about those facts. The defendant Berry was represented by his conservator, who was represented by an attorney, and the competency of James A. Willhite as a witness not having been raised in the trial court cannot be raised in this court for the first time. (*Doty v. Doty*, 159 Ill. 46; *Millard v. Millard*, 221 id. 86.) In the *Millard case*, on page 91, it was said: "If an objection had been interposed on the ground that the witness was not competent to testify to certain facts, it may be that the same facts could have been proved by other testimony, and the question of the competency of a witness cannot he raised for the first time in an appellate tribunal."

It is next contended that the deed from George P. Harrington to Martha J. and Jacob Willhite was good color of title. That deed was made to release the mortgage which was on the land at the time of the death of Henry H. Willhite, which mortgage was paid by the widow from the funds of her deceased husband's estate, and the deed amounted only to a release of that mortgage. *Lightcap* v. *Bradley,* 186 Ill. 510.

It is finally contended that the title of the defendants in error to said premises was barred by the Statute of Limitations at the time this suit was begun. The premises in question were of less value than $1000 and were the homestead of Henry H. Willhite at the time of his death, and such homestead estate continued in his widow after his death. The conveyance of the widow to John H. Willhite, though apparently a conveyance of the fee to said premises, was only a conveyance of her homestead right in the premises, which was a life estate therein, and a release of her dower right in the fourth of said premises which belonged to John H. Willhite in fee, and during the life of the widow the heirs of Henry H. Willhite could not, as owners of the fee, obtain possession of said premises from Martha J. Willhite or her immediate or remote grantees, hence the Statute of Limitations did not commence to run against them, as remainder-men, during the lifetime of Martha J. Willhite, the widow. She died January 16, 1903, and this suit was commenced in March, 1906, and was therefore commenced in ample time after her death to prevent the running of the Statute of Limitations. The trial court therefore properly held that William B. Berry was entitled to the undivided one-fourth part of said premises as the grantee of John H. Willhite, deceased, and that the defendants in error, as remainder-men, were seized in fee simple of the remaining three-fourths part of said premises. (*Mettler* v. *Miller,* 129 Ill. 630; *Turner* v. *Hause,* 199 id. 464; *Henderson* v. *Kibbie,* 211 id. 556; *Weigel* v. *Green,* 218 id. 227; *Schroeder*

v. *Bozarth,* 224 id. 310.)  The fact that the parties in pos-
session of said premises holding under the conveyance from
Martha J. Willhite to John H. Willhite may have made im-
provements on said premises or paid the taxes thereon, and
did not have notice of the rights of the defendants in error
in said premises as remainder-men, did not have the effect
to defeat the rights of the complainants in said premises.
*Mettler* v. *Miller, supra; Weigel* v. *Green, supra.*

Finding no reversible error in this record the decree of
the circuit court will be affirmed.             *Decree affirmed.*

Mr. JUSTICE DUNN, dissenting:

James A. Willhite was a party to the suit interested ad-
versely to plaintiff in error Berry, who was a distracted per-
son, defending by a guardian *ad litem* and his conservator.
James A. Willhite was an interested and incompetent wit-
ness.  The decree rests upon his testimony alone, for his was
the only testimony showing any interest of complainants in
the property in controversy.  The burden of proving own-
ership rested on complainants, and they introduced no com-
petent evidence.  A guardian *ad litem* cannot waive any of
the rights of the defendant whom he represents, and when
incompetent and illegal evidence is introduced without ob-
jection by the guardian, the court is bound to notice and
exclude such evidence.  The objection cannot be waived by
the guardian *ad litem* or by a natural or legal guardian.
(*Waugh* v. *Robbins,* 33 Ill. 181; *Cartwright* v. *Wise,* 14
id. 417; *Barnard* v. *Barnard,* 119 id. 92; *Turner* v. *Jenkins,*
79 id. 228; *Boyer* v. *Boyer,* 89 id. 447; *Rhoads* v. *Rhoads,*
43 id. 239.)  In *Cartwright* v. *Wise, supra,* the court said
(p. 418): "It is true, the guardian *ad litem* raised no ob-
jection to the competency of the witness.  But this cannot
prejudice the rights of the defendant, whom he represented.
The guardian could waive none of his rights.  They are
committed to the protection of the court, whose duty it is

to notice legitimate and substantial objections in such a case, whether raised by the guardian or not. He who prosecutes an infant or an idiot must see to it that he makes out a proper case, and by competent proof, before he can expect a decision in his favor."