Kent, Ch. J.
delivered the opinion of the court. The patent which issued in the name of David Hungerford was undoubtedly intended for the soldier, by the name of Hungerford, (then dead,) who belonged to M‘Kean,s company, in the first Nerv-York regiment. This intention is manifest from the balloting-bodk in the secretary’s office, and from the premises, being a military lot and part of the lands set apart by law for the two regiments belonging to this state, and from the further fact that by the provision in the act of the 6th of April, 1790, the lots were to be balloted for, and the patents to issue in pursuance thereof, and in the name of the original soldier. If Daniel Hungerford was the soldier who belonged to that company and regiment, and no person of the. name of David Hungerford was a soldier in that regiment, there must have been a misnomer in the Christian name of the patentee. I think the evidence taken at the trial establishes the mistake; and the question is, whether that evidence was admissible, and if so, what is the legal effect of it? Here is no ambiguity on the face of the patent, but it is a latent ambiguity, and, according *139 to the general rule, the parties may go into extrinsic evidence tó ascertain the grantee, and clear up the mistake in the soldier’s name. Parol evidence has been admitted, in the case of a will, to ascertain the person, when two were of the same name, or when there had been a mistake of the Christian name of the devisee. (Cheyney’s Case, 5 Co. 68. Ulrich v. Litchfield, 2 Atk. 373. Parsons v. Parsons, 1 Ves. jun. 266. Thomas v. Thomas, 6 Term Rep. 671.) But with respect to deeds and grants, the old general rale seems to have been; that an omission, or mistake, of the Christian name of the grantee rendered the grant void. This was the opinion of the judges in the case of Humble v. Glover; (Cro. Eliz, 328.) and it is stated by Lord Baton, (Maxims$ 107.) that if one grant land to I. $., son and heir of G, S., and it be true that he is son and heir of G. S, but his name is Thomas¿ it is a void grant. Lord Coke, however, holds (Co. Litt. 3. a.) that a grant may sometimes be good, though the grantee’s name of baptism be mistaken. Thus, if lands be given to Robert, Earl of Pembroke, when his name is Henry, or to George, Bishop of Norwich, when his name is John, the grant is still good, because there can be but one of that name arid dignity. If, then, the patent in this case had designated the Hungerford intended, by specifying the regiment and company to which he belonged, at the lime of his death, it might have been good, as being equally susceptible of being reduced to certainty. But the patent adds no description, or demonstration to the name of the patentee. It is simply a patent of the lot to David Hungerford ; and according to the rule which has been mentioned, the heirs of Daniel Hungerford cannot take under that patent, because their ancestor is hot the patentee named. In all the cases which I have seen, where there was a misnomer, there was some description connected with the ñamé; arid thefe was no other person who set up a title in competition, under the erroneous name; but here the defendant claims under one David Hungerford, and contends that he was the grantee, and a soldier in the line of this state, though the proof of the fact is extremely weak, and nti proof was offered that he was a soldier in McKean’s company, in the first regiment, or that he belonged to either of the two regiments of infantry for the use of whom the military bounty lands were appropriated. The verdict is to be considered as establishing the fact that Daniel was the soldier who served, and must have been the sob dier intended,
*140 The grant, then, is either void by reason of the misnomer, of the parol proof supplies and corrects the mistake in the Christian of the soldier intended, and, in either case, the lessors of the plaintiff are entitled to recover. We do not go upon the ground that the act of the legislature could devest a right legally acquired under the patent. It could not. But the patent gave no title to the person under whom the defendant holds, because he was not the patentee. The ancestor of the lessors of the plaintiff is shown by the proof, and found by the verdict, to be the patentee intended; and if the mistake in his Christian name rendered the patent void, the title to the lot remained in the state until the act of the legislature, which is to be considered in the light of a legislative grant, and supplying the place of a patent in tiie ordinary form. The competency of the legislature to alienate their lands, by statute, is not to be questioned.
2. The defendant does not come within the act of the 5th of April, 1803, sess. 26. c. 88. entitling, in certain cases, the tenant in possession of the military lands to payment for his improvements. The defendant is a lessee under Stanley, who entered upon the lot claiming it in right of his wife, who was the heir of one David Hungerford,. Here was no entry and settlement under colour of purchase, but under colour of title by descent.
The motion for a new trial is accordingly denied.
Motion denied.