## JOHN P. FYFFE

### v.

## MARY FYFFE.

*Filed at Mt. Vernon June 16, 1883.*

1. EVIDENCE—*declarations of vendor to impeach vendee's title.* The rule is well settled that the declarations of a vendor after sale of land, are not admissible to impeach the title of his vendee, of either real or personal property.

2. SAME—*declarations of person in possession as to ownership.* Where a person is in the possession of land, claiming to own the same, the manner in which he used and treated the property, and his declarations in connection with acts, may be regarded as part of his acts in relation to the property, and these may be shown by one claiming title under him after his death.

3. Where a deed is made to J. P. F., which was the name of a father as well as that of his minor son, and the father paid for the land, received and recorded the deed, took and kept possession until his death, and the son brought ejectment for the land against the father's widow, it was *held* competent for the defendant to prove that the father, while in possession, offered to sell the same as his own property, as indicating ownership by the father.

4. DEED—*presumption as to grantee, when there are two of the same name.* Where a deed is delivered to a father of the same name as his minor son, without any statement of the grantor that it was delivered to him for his son, the presumption will be that it was delivered to the father for his own benefit, as the grantee.

5. Where a deed is made and delivered to a father, without any statement at the time it was for his son having the same name, the title will pass to the father regardless of any secret unexpressed intention that the grantor may have entertained.

WRIT OF ERROR to the Circuit Court of Lawrence county; the Hon. THOMAS S. CASEY, Judge, presiding.

Messrs. GREEN & PRITCHETT, and Messrs. BELL & GREEN, for the plaintiff in error.

Mr. E. CALLAHAN, and Mr. WM. ROBINSON, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by John P. Fyffe, against Mary Fyffe, to recover eighty acres of land, in Lawrence county. A trial was had before a jury, which resulted in a verdict and judgment in favor of the defendant, and the plaintiff appealed.

Both parties claim title under one and the same deed. The deed was executed on the 8th day of October, 1870, by William J. Mayo, and Rosaline Mayo, his wife, and conveys the premises to John P. Fyffe. It is claimed by the plaintiff that he is the John P. Fyffe named as grantee in the deed. On the other hand, defendant claims that her husband, John P. Fyffe, who was the father of the plaintiff, was the person to whom the land was conveyed. There was evidence introduced on the trial tending to show that the plaintiff was the grantee in the deed. On the other hand, there was evidence tending to prove that John P. Fyffe, the father of plaintiff, was the person to whom the premises were conveyed, and, upon a consideration of all the evidence, we think it preponderates in favor of the verdict of the jury. At the time the deed was executed by Mayo and his wife, plaintiff was a minor, eight or nine years old. He had no property, and had nothing to do, so far as the evidence shows, with procuring the deed. The land was bought and paid for by plaintiff's father. He owned a farm on the "State road," which he conveyed to Mayo in exchange for the premises in controversy. After the purchase he moved on the property, and resided there with his family until his death. He, from the time of the purchase, claimed the land, and treated it in all respects as his own property. It is true that Mayo testified that he deeded the land to the plaintiff, but his cross-examination seems to show that he was mistaken. In his cross-examination he, in substance, said, on the night before the deed was executed a dispute arose between Fyffe and his

wife in regard to the person to whom the land should be con-
veyed. He suggested the name of his son Perry, and she in turn
suggested the name of her daughter by a former marriage,
May. They quarrelled about it for some time, and finally the
old man said, "Deed it to John Perry Fyffe, and let it go at
that." This seems to have settled the matter that the land
was to be conveyed to the old man. This view is corroborated
by the testimony of Hill, who wrote the deed and took the
acknowledgment on the day following. In his evidence he
said: "Mayo came to me and got me to make the deed, and
told me to make it to John Perry Fyffe, and I did so. There
was nothing said about junior, in the deed. * * * Old
man Fyffe was the only John Perry Fyffe there. He and
Mayo came together. I did not know the boy, or hear any-
thing said about him." Other testimony was introduced on
the question, but it will not be necessary to refer to it here.
Enough has been alluded to to show that the evidence in
the record preponderates in favor of the verdict. It only
remains to be seen whether the court erred in the admission
or exclusion of evidence, or in the instructions to the jury.

On the trial the defendant introduced in evidence the de-
clarations of Fyffe while he was in the possession of the land,
and the admission of this evidence is relied upon as error.
The court, on motion of the plaintiff, excluded the declara-
tions of Fyffe, except such declarations as were accompanied
with acts, and allowed the acts of Fyffe while in possession
of the land, and such declarations as accompanied those acts,
to go to the jury. It is contended by appellant that Fyffe
was the vendor of the premises, and plaintiff the vendee, and
his declarations were not admissible under the well recog-
nized rule that "the statements of a vendor of land, made
after the sale, are not admissible to prove any fact affecting
the title of the vendee." The rule is well settled that the
declarations of a vendor are not admissible to impeach the
title of a vendee, of real or personal property. *(Gridley* v.

*Bingham,* 51 Ill. 153.) But that rule has no application to the question involved here. Fyffe was in no sense a vendor of the premises. He never conveyed to the plaintiff, or to any other person. He claimed to be a vendee of the premises, and the plaintiff also claimed that he was a vendee, and the sole question at issue was, whether he was the vendee or whether the plaintiff was the vendee. In no event could he be regarded as the vendor. The rule, therefore, which prevents a vendor, after sale, from impeaching the title of his vendee by declarations, can have no application whatever to the facts of this case. As before observed, Fyffe bought this land himself,—he paid the purchase money from his own property, and after he received a deed he moved on the land and occupied it until his death. We think it was competent for the defendant to prove that the deed was delivered to Fyffe, what he did with the deed, and the manner in which he used and treated the property, and his declarations in connection with such acts may be regarded as part of his acts in relation to the property, and thus admissible evidence.

It is also contended that the court erred in giving defendant's fourth, fifth and eighth instructions. The fourth, in substance, directed the jury that if they found from the evidence that John P. Fyffe, the father, was in possession of the land, and offered to sell the same as his own, this is a circumstance to be considered as indicating the ownership of the land by the father. We perceive no error in the instruction. Where a man is in possession of a tract of land, claiming to own it, and offering to sell, may always be regarded as evidence tending to show title in the occupant. The fifth instruction, in substance, declared, that if the evidence shows that when the deed was executed it was delivered to John P. Fyffe, the father, without any statement of the grantors that it was delivered to him for his son, the presumption would be that it was delivered to him for himself, and for his own benefit, as grantee. A deed is ordinarily delivered to the person

to whom the property is conveyed, or to some one for the grantee. Here the deed was made to John P. Fyffe, and after it was acknowledged it was delivered to him. Under such circumstances the presumption, of course, would be, in the absence of any statement to the contrary, that the deed was delivered for the benefit of the father. The eighth instruction, in substance, directed the jury that they were to determine whether Mayo conveyed the land to the father or the son, from what was said and done, and not from the unexpressed intention of Mayo. What secret intention Mayo may have had was a matter of no consequence. If the land was bought by the father for himself, and the deed made and delivered to him, of course the title to the premises would pass to him, regardless of any secret or unexpressed intention that the grantor may have entertained.

We do not think the instructions were calculated to mislead the jury, nor do we perceive any ground to disturb the judgment.

*Judgment affirmed.*