MELISSA A. ANDREWS *vs.* MELZER T. DYER, and another.

Knox.    Opinion December 22, 1888.

*Deed.    Parties.    Identity.    Parol Evidence.*

While parol evidence is not admissible to vary the terms or meaning of a written instrument, such evidence is necessarily admissible to identify the persons and things named in such writing.

Who is meant and referred to, by the name as grantee in a deed of conveyance, is a question of identification rather than of terms, and often can only be determined by parol evidence, where the name written as grantee is not identical with that of the person to whom the deed was delivered.

In this case the evidence shows clearly, that *Melissa A. Andrews*, the demandant, to whom the deed was delivered, was the person meant and referred to by the name *Mercy A. Andrews*, in the deed.[*]

ON REPORT. Real action to recover certain land on Big Green Island. The court were to render such judgment as the law and facts require.

The findings of fact by the court appear in the opinion.

*C. E. Littlefield*, for demandant.

To the question of law counsel, in addition to the authorities in his former argument cited: *Gillespie* v. *Rogers*, 146 Mass. 610.

*T. P. Pierce*, for defendants.

The counsel relied upon the authorities cited by him in his for-

———————

[*]*Andrews* v. *Dyer*, 78 Maine, 427.

mer argument, and contended that the question here is not one of identity. It is not proposed to show that Melissa A. Andrews was ever known as Mercy A. Andrews, and she cannot be identified as the grantee named in the deed.

There is no such latent ambiguity in the deed as to require the admission of parol evidence by way of explanation.

The plaintiff has no rights under the deed, until she changes it in some way; until she shows that the instrument is not what it purports to be; she claims there is a mistake to be corrected, and she seeks to correct it by parol evidence,—to change the deed.

This suit is not brought to correct a mistake. It is a real action—an action at law—and must stand upon the deed presented, or fail because the deed is insufficient to show title in demandant.

The declarations of the grantor are not admissible to show who in fact was intended.

Demandant's remedy, if there was an honest mistake in the deed, is in equity. R. S., c. 77, § 6. *Adams* v. *Stevens*, 49 Maine, 362.

The grantee named in the deed is not *in esse*. Such deeds are a nullity.

EMERY, J. On report. The following are found by the court to be the facts:—

In 1875 James Andrews, intending to convey certain land to his wife, Melissa A. Andrews, went with her to a lawyer's office, and in her presence instructed the lawyer to make a deed to her of the land. The lawyer, misunderstanding the christian name of the wife, wrote the name "Mercy A. Andrews," as the grantee in the deed. Mr. Andrews executed the deed before the lawyer, and delivered it to his wife Melissa, as her deed of the land. She had the deed duly recorded. The husband afterward leased the land to the tenants. The wife, Melissa, now brings this real action, and offers as evidence of her title, the above named deed, and parol evidence of the above facts to show that she is in fact the grantee. It does not appear that there was at the time any person by the name of Mercy A. Andrews.

The only question of law is, whether Melissa, the demandant,

must go to the equity side of the court for a correction of the mistake in the name, or whether she can establish her title under the deed as it is, by showing that she is the person to whom it was delivered, and for whom it was intended.

It is of course common learning, that parol evidence should not be received to contradict or vary the terms of a written instrument. It is equally well settled however, that parol evidence must often be received to identify the persons or things named in a writing. We think the question here is one of identification, and not one of meaning or terms.

The demandant, Melissa, produces the deed. If the name stated in the deed as the name of the grantee were identical with her name, that alone would be sufficient identification and coupled with her possession of the deed would be *prima facie* evidence of delivery to her as grantee. *Andrews* v. *Dyer*, 78 Maine, 427. But the name not appearing to be the same, further identification and further evidence of delivery to the party is required. That evidence she has presented.

She does not offer to prove that she is the person intended to be the grantee in a deed made out and delivered to another person by mistake. She offers to show, rather, that the name written in her own deed delivered to her, was intended for a noting or description of herself as grantee, that she is the person referred to by the name, Mercy A. Andrews. Such evidence is clearly admissible, and makes out her title. *Jackson* v. *Stanley*, 10 John. 133; *Hall* v. *Leonard*, 1 Pick. 27, 30; *Scanlan* v. *Wright*, 13 Pick. 523; *Jacobs* v. *Benson*, 39 Maine, 132.

In the cases *Crawford* v. *Spencer*, 8 Cush. 418, and *Whitmore* v. *Learned*, 70 Maine, 276, 283, relied upon by the defendants, the deed was made out, and delivered to one party. It was held that parol evidence could not be received to show that this was a mistake and that the grantor intended another party as grantee. The distinction is apparent. It is true there are some decisions apparently adverse to our views above expressed, but the weight of authority will be found to favor them.

*Judgment for demandant.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and HASKELL, JJ., concurred.