[No. 12897.   Department One. — June 2, 1890.]

# WILLIAM  I.  WILSON, APPELLANT,  v.  MICHAEL WHITE ET AL., RESPONDENTS.

PLEADING — LITIGATING DEFENSE WITHOUT OBJECTION. — A defense which is not pleaded cannot be considered, although shown by the evidence. The rule as to curing defects by litigating a matter without objection applies only where the pleading is defective, and not where there is a total absence of averment.

DEED — FICTITIOUS NAME. — If a person is in existence, and ascertained, a conveyance to or by him by a fictitious name passes title.

MORTGAGE — FORECLOSURE — PURCHASER IS ASSIGNEE IN EQUITY OF DEBT — CONSIDERATION. — The purchaser at a foreclosure sale is, in equity, the assignee of the mortgage foreclosed; and a release of this equity is a sufficient consideration for a promise to pay.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Craig & Meredith*, for Appellant.

*Fisher Ames*, for Respondents.

Hayne, C. — This was an action for the foreclosure of a mortgage made to secure the payment of a note for $250. The answer contained a general denial, and an affirmative averment that the note was without consideration. The trial court found this averment to be true, and gave judgment for the defendant; and the plaintiff appeals.

The material facts shown by the evidence are as follows: —

While the property involved was held by one Duncan for the benefit of the Pioneer Bank, and was subject to a mortgage in favor of one Bradley, Duncan made a contract to sell it to the defendant (who had no notice of the rights of the bank) for the sum of $1,800. Of this sum the defendant paid $1,620, leaving due a balance of $180. In this condition of affairs the bank was adjudicated a bankrupt, and the plaintiff and one Hyde were appointed assignees. Thereupon Duncan conveyed to the assignees his interest in the property and in the contract with the defendant. (There is mention of a deed from Duncan to the defendant, but that deed does not include the property involved here.) Hyde prepared a deed from the assignees to the defendant, signed it, and handed it to the plaintiff to be by him signed and delivered to the defendant upon his paying the balance due upon his contract. Plaintiff never executed this deed, but kept it in his possession. He purchased the Bradley mortgage, paying full value for it out of his own funds, and subse-

quently brought suit to foreclose it. It is somewhat uncertain who purchased at this foreclosure sale. No documents were introduced in evidence. The defendant testified that the title passed to Bradley, and that he conveyed it to plaintiff, while the plaintiff seems to testify that he himself purchased at the sheriff's sale, but got a quitclaim deed from Bradley. This uncertainty is immaterial, however; for in either case the title passed to the plaintiff, who thereupon made a deed to "John Warnen," who was plaintiff's brother-in-law, and whose real name was Hardwick or Hardwig. He paid no consideration for the deed, but acted in the interest of the plaintiff, and assumed the name of Warnen at his request and for the occasion only.

The defendant offered to pay the balance due on his contract, but was told by plaintiff that the title had passed to Warnen by the foreclosure proceedings. He, however, introduced defendant to Warnen as the man who had the title, and an arrangement was made by which "Warnen" made a deed to the defendant, and the latter paid therefor $200 in cash and gave his note for $250 more, secured by mortgage upon the property. This note and mortgage were transferred by "Warnen" to the plaintiff, and constitute the foundation of the present action.

The defendant contends that there was fraud on the part of the plaintiff. But so far as the creditors of the bank are concerned, it is a sufficient answer to say that the creditors are not complaining, and that their rights are not involved here. And so far as the defendant himself is concerned, there is no fraud set up in the answer. Aside from denials, the sole defense pleaded is want of consideration. Nor can it be said that the place of a pleading was supplied by litigating the question without objection. The rule in that regard only covers defects in a pleading, and not a total absence of anything in relation to a defense.

Leaving out the question of fraud, as must be done for the reasons above stated, the only matter discussed by counsel is, whether title passed by the deed to "John Warnen," and by the deed from him to the defendant,— it being assumed by counsel that if it did there was consideration for the note and mortgage sued on, but otherwise that there was no such consideration.

We think that the deeds were sufficient to convey the title.

It is involved in the very conception of a deed that there must be a grantee, to whom delivery is made, and in whom the title can vest. If there be no grantee, and the deed is to a mere fictitious name, it is obvious that it is a nullity. But if there be a person in existence, and identified, and delivery is made to him, it makes no difference by what name he is called. He may assume a name for the occasion; and a conveyance to and by him under such name will pass the title. This was held in *David* v. *Williamsburg Ins. Co.*, 83 N. Y. 265; 38 Am. Rep. 418. There the owner of property made a deed to " Marx David," which was a fictitious name, and subsequently made a deed by said name of Marx David to a third person. It was held that the first deed was void, and that the title remained in the owner, but that it passed by the second deed, the court, per Earl, J., saying: "In executing any instruments I can find no authorities which hold that one is not bound by the name which he adopts or uses. *Pro hac vice* it is his name." So where a deed was made out in the name of *James* O. Brunius, and signed J. O. Brunius, it was held that parol evidence was admissible to show that *John* O. Brunius was the party who signed the deed, and that if this was proved his title passed. The court said: "If the true owner conveys by any name, the conveyance, as between the grantor and grantee, will transfer title, and in all cases evidence *aliunde* the instrument is admissible to identify the actual grantor. The admission of such evidence

does not change the written instrument, or add new terms to it, but merely fixes and applies the terms already contained in it." ( *Wakefield* v. *Brown,* 38 Minn. 365.)

A somewhat similar ruling was made in *Middleton* v. *Findla,* 25 Cal. 78. And upon the authority of this last case it was held in *Fallon* v. *Kehoe,* 38 Cal. 44, 99 Am. Dec. 347, that a deed made to "Darby O'Fallon," which was the name under which Jeremiah Fallon sometimes passed, was a good deed, and that a conveyance by him under the name of "Darby O'Fallon" transferred the title, the court, per Crockett, J., saying: "We do not understand counsel as contradicting the proposition that, if the true owner conveys the property by any name, the conveyance, as between the grantor and grantee, will transfer the title." (See also *Garwood* v. *Hastings,* 38 Cal. 222; *Anderson* v. *Dyer,* 81 Me. 104; *Hommel* v. *Devinney,* 38 Mich. 522; *Staak* v. *Sigelkow,* 12 Wis. 234; *Nixon* v. *Cobleigh,* 52 Ill. 287.)

Upon the authority of the foregoing cases, it must be held that the "Warnen" deeds transferred the title. And it makes no difference in the result whether the defendant was a party to the foreclosure of the Bradley mortgage or not. If he was a party, and the decree cut off his interest, it is manifest that whatever rights he has to the property he got under the deed from "Warnen," which was ample consideration for what he promised to pay. If he was not a party, then although his rights under the contract were not cut off, yet the purchaser is in equity the assignee of the debt secured by the Bradley mortgage. ( *Carpentier* v. *Brenham,* 40 Cal. 221; *Rumpp* v. *Gerkens,* 59 Cal. 496; *Henderson* v. *Grammar,* 66 Cal. 335.) And a conveyance by him or his grantee operates as a release of this right, and consequently was consideration for a promise to pay for it.

The plaintiff asks that final judgment be ordered in his favor. But inasmuch as all the allegations of the

complaint were put in issue by the answer, and as the only thing found was that the note was without consideration, it is hardly necessary to say that final judgment cannot be ordered as requested.

We therefore advise that the judgment and order appealed from be reversed, and the cause remanded for a new trial.

BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and the cause remanded for a new trial.

Hearing in Bank denied.