(No. 5493.   Decided August 7, 1905.)

W. T. CHAPMAN, *as Administrator of the Estate of Porter L. Denison, Deceased, Appellant,* v. WILLIAM F. TYSON *et al., Respondents.*[1]

DEEDS—TAKING TITLE IN ASSUMED NAME—VALIDITY. Where a man purchases, and takes title to, real estate in the assumed name of his son, with his own funds and for his own use, the title vests in him, and the property does not belong to the son.

SAME — CONVEYANCE BY ASSUMED NAME — FORGERY — VALIDITY OF DEED. Where a party purchased, and took title to, real estate in an assumed name, his deeds conveying the same under the same name to parties who dealt with and knew him by such assumed name, are not forgeries and are sufficient to pass title.

Appeal from a judgment of the superior court for Whitman county, Chadwick, J., entered September 26, 1904, upon findings in favor of the defendants, after a trial before the court without a jury, quieting their title, in an action to recover possession of real estate.  Affirmed.

*Barnes & Latimer, Alfred M. Craven,* and *W. L. Husbands,* for appellant.

*Hanna & Hanna* and *R. H. Kipp,* for respondents.

CROW, J.—Action by appellant, W. T. Chapman, as administrator of the estate of Porter L. Denison, deceased, to recover possession of, and determine the title to, real estate in Whitman county.  In the second amended complaint, it was alleged, that Porter L. Denison was, on May 9, 1886, seized and possessed of, and was owner of, the fee simple title to the northeast quarter of section 7, and lots 1 and 2 of section 8, in township 19, north, of range 46 E., W. M., and that on said date, he was also seized and possessed of, and was the owner of, the equitable title to the northwest quarter of section 7 in the same township and range; that

1Reported in 81 Pac. 1066.

said Porter L. Denison died intestate in March, 1898, being then a minor about seventeen years of age; that at the time of his death and at all times subsequent to said 6th day of May, 1886, he was the owner of, and entitled to the immediate possession of, all of said real estate; that the several respondents had wrongfully and unlawfully entered upon said land, had dispossessed said Porter L. Denison, and wrongfully withheld possession from him until the date of his death, and still wrongfully withhold said possession from appellant.

In this opinion, we will designate the northeast quarter of section 7, and lots 1 and 2, of section 8, as "tract 1," and the northwest quarter of section 7, as "tract 2." The respondents George Strange and wife, in their separate answer, claim title to, and possession of, the north sixty-six rods of said tract 1; the respondents William Tyson, Walter Tyson, and Byron Tyson, by their separate answer, claim possession of, and title to, the remaining portion of said tract, and the respondents Henry D. Kay and wife claim possession of, and title to, all of said tract 2. Many facts fully showing the entire chain of title are pleaded and disclosed by the evidence, but we will mention such facts only as are of controlling influence in settling the matters in dispute.

As to tract 1, it is conceded that, on May 9, 1886, a deed was executed for said lots 1 and 2, in section 8, by the owners of the fee simple title thereto, one James B. Tyson, now deceased, and Mary A. Tyson, his wife, to P. L. Denison; and that, on December 1, 1885, a deed was executed for the northeast quarter of section 7, by the owners of the fee simple title thereto, the Northern Pacific Railroad Company et al., to Porter Leroy Denison. At the time of the execution of these deeds, Porter L. Denison was a minor about four or five years of age, residing with one Lewis H. Denison, his father. Said Lewis H. Denison, afterwards using the name of, and representing himself to

be, Porter L. Denison, conveyed all of said tract 1 to said James B. Tyson, from whom respondents Strange and wife deraign title to the north sixty-six rods, and respondents William, Walter, and Byron Tyson deraign title to the remainder of said tract 1.

As to tract 2, it is conceded that, on December 1, 1885, the Northern Pacific Railroad Company, being owner thereof, executed a five-year contract of sale therefor to Porter L. Denison, for $859.05, payable $158.70 cash, and the remainder in five annual installments. This contract was never recorded, but on January 4, 1887, was assigned to James B. Tyson by said Lewis H. Denison, who, in making such assignment, used the name of, and claimed to be, Porter L. Denison. Thereafter, on July 8, 1890, the Northern Pacific Railroad Company executed and delivered a deed for said tract 2 to said James B. Tyson, from whom the respondents Kay and wife deraign title.

The respondents separately pleaded possession and title in themselves to the various portions of said lands, as above mentioned, and alleged that all of said lands were purchased by said Lewis H. Denison in the name of Porter L. Denison; that, when he so purchased the same of said James B. Tyson and said Northern Pacific Railroad Company, he claimed his name was Porter L. Denison; that he purchased said real estate for himself; that he went into possession thereof, and at all times exercised exclusive acts of ownership over the same, until said sales were made by him; that, at the time said Northern Pacific Railroad Company and James B. Tyson sold said lands to said Lewis H. Denison, they understood and believed his name to be Porter L. Denison, and understood and believed that he was Porter L. Denison, and sold the land to the identical person so representing himself to be Porter L. Denison; that at said time Porter L. Denison, now deceased, was a minor of only about four or five years of age, incapable of contracting; that he knew

nothing of said purchases, and that the same were not made for him, in trust or otherwise.

Appellant denies all these allegations, claiming said lands were purchased for said minor, Porter L. Denison, with funds which he inherited from his deceased mother, the first wife of said Lewis H. Denison. The evidence, however, fails to show that Lewis H. Denison used any money of said minor in making said purchases. At the time of said purchases, said Lewis H. Denison was a widower, but afterwards, and before the execution of said deed for tract 1 to James B. Tyson, he married one Anna Denison, who joined him in said deed as the wife of Porter L. Denison. Said deed to tract 1 was acknowledged before one O. E. Williams, a notary public, and said assignment of said railroad contract for tract 2 was acknowledged before one Thos. R. Tannatt, a notary public; and as to each transaction, the notaries severally testified that Lewis H. Denison represented himself to be Porter L. Denison, while said Tannatt, who had previously known Lewis H. Denison, also testified that he had known him as Porter L. Denison.

The trial court made findings of fact in exact accordance with the claims of respondents, to the substantial effect that Lewis H. Denison purchased all of said lands himself, with his own funds, at the time falsely claiming his name to be Porter L. Denison; that his grantors sold to him personally, but under said name of Porter L. Denison, believing that to be his name; that he held exclusive possession of said real estate, exercising acts of ownership thereover until he sold the same; that, when he sold and conveyed tract 1 by deed, and tract 2 by assignment of the railroad contract, as above mentioned, he represented himself to his vendee, James B. Tyson, and the notaries, to be Porter L. Denison, claiming his name was Porter L. Denison; that said claim was believed and accepted by all of said parties; that the said Porter L. Denison, his son, was then only about four years of age; and knew nothing of said purchases, was

incapable of contracting, paid nothing for said lands, and never had any legal or equitable title thereto. On these findings of fact, and others not material to mention, conclusions of law were made, and a judgment was entered quieting the title of Strange and wife to the north sixty-six rods of tract 1, the title of William, Walter, and Byron Tyson to the remainder of said tract 1, and the title of Kay and wife to all of tract 2. From the said judgment, this appeal has been taken. After a most careful examination, we are firmly convinced that all findings of fact made by the trial court are fully sustained by competent evidence, and we will not disturb the same.

Numerous assignments of error are made by appellant, but in substance they all rest upon the propositions: (1) that the ownership of, and the title, either legal or equitable, in and to, all of said land was in said minor, Porter L. Denison, from the date of said purchases until his death; (2) that the conveyances made by Lewis H. Denison were forged, and that a forged deed conveys no title whatever. As to the first proposition, we will simply suggest that, under the findings made by the trial court, which are approved by us, the facts fail to sustain appellant's contention as to the alleged ownership and title, either legal or equitable, of said decedent. When said real estate was purchased by said Lewis H. Denison, it became his property. The title did not fail to pass to him simply because he assumed the name of Porter L. Denison, or because that particular name happened to belong to his son, then four years of age, who had nothing whatever to do with the transaction.

Under the facts found and proven, we cannot arrive at the conclusion that said instruments were forged. At the time Lewis H. Denison executed them, he did not assume to act as attorney in fact or guardian for his minor son; neither did he represent that the signatures to said instruments were those of his son. The parties who dealt with

him knew he himself had made the signatures, and knew he claimed to do so in his own behalf, and not as representing his son or any other person. He executed said conveyances under a name which he had assumed when he purchased the property. James B. Tyson, his grantee, was the identical person from whom he had previously purchased lots 1 and 2, of section 8, under said assumed name. Whatever criticism may be made on the acts of said Lewis H. Denison in executing said instruments, most certainly it cannot be successfully contended that such instruments were forgeries. *The Queen v. Martin,* 5 Q. B. Div. 34; *Wiehl, Probasco & Co. v. Robertson,* 97 Tenn. 458, 37 S. W. 274, 39 L. R. A. 423.

It appears from the evidence, notwithstanding some conflict, and was found by the trial court, that in these transactions Lewis H. Denison assumed the name of Porter L. Denison, and was known as Porter L. Denison by those who dealt with him. True, he had a four-year old son bearing the same name. It is not uncommon for father and son to bear the same name, and were we to assume that all these parties with whom Lewis .H. Denison dealt knew the son and also knew his name, such knowledge would amount to nothing, as it would simply be a case of father and son with the same name. When a father and son have the same name, and a conveyance of land is made without designating whether to the father or son, the law will presume that the father was intended for the grantee, in the absence of proof to the contrary. *Peabody v. Brown,* 10 Gray 45; *Stevens v. West,* 6 Jones (N. C.) 49; *Graves v. Colwell,* 90 Ill. 612; *Fyffe v. Fyffe,* 106 Ill. 646.

The parties dealing with Lewis H. Denison knew him as Porter L. Denison. Had they also known the name of his son, then only four years of age, certainly it would not have been even suspected by them that said son owned said real estate. The presumption would be one of ownership in the father, and the evidence, instead of overcoming such

presumption, greatly strengthens it. We then have a state of facts in which Lewis H. Denison himself purchased and sold this real estate, and in so doing assumed the name of Porter L. Denison. The law is well settled to the effect that a conveyance to and by a person under an assumed name passes title. *Wilson v. White,* 84 Cal. 239, 24 Pac. 114; *David v. Williamsburgh City Fire Ins. Co.,* 83 N. Y. 265, 38 Am. Rep. 418; *Salmer v. Lathrop,* 10 S. D. 216, 72 N. W. 570; *Andrews v. Dyer,* 81 Maine 104, 16 Atl. 405; *Thomas v. Wyatt,* 31 Mo. 188, 77 Am. Dec. 640; *Wiehl, Probasco & Co v. Robertson, supra.*

In *Wilson v. White, supra,* plaintiff had made a deed to one John Warren, whose real name was Hardwick, who paid no consideration but acted in the interest of plaintiff, assuming the name of Warren at his request and for that occasion only. Afterwards plaintiff introduced to the defendant said Hardwick, or Warren, by said name of Warren, as the man who held the title, and an arrangement was made by which Warren made a deed to defendant. It was held that the conveyance to and by Hardwick, under the assumed name of John Warren, passed title.

In *Wiehl, Probasco & Co. v. Robertson, supra,* Robertson, being the owner of certain real estate, executed a deed therefor to C. Phillips, a fictitious name. Afterwards he himself, assuming said name of C. Phillips, executed a trust deed to one Grayson. It was held that, although the deed from Robertson to C. Phillips was void as being made to a fictitious person, nevertheless the trust deed afterwards executed by Robertson himself under the name of C. Phillips was held valid, he still being the owner of said real estate, and having assumed said name for such purpose.

In *David v. Williamsburgh City Fire Ins. Co., supra,* it appeared that certain property was conveyed by one Henry J. David, the owner thereof, by deed in form to one Marks David, a fictitious person; then afterwards, under said name

of Marks David, he conveyed the same to plaintiff. It was held that the subsequent conveyance by Henry J. David under the name of Marks David was valid and passed title, he assuming such fictitious name of Marks David for that purpose. A careful examination of these various authorities clearly sustains the position of the trial court in holding that the transfers to Lewis H. Denison under the name of Porter L. Denison, and the subsequent conveyance by him under the same name to James B. Tyson, were valid and passed title.

The judgment is affirmed.

MOUNT, C. J., and ROOT, J., concur.

RUDKIN, J. (concurring)—The mother of Porter L. Denison died before he did. Upon the death of the son, his father, Lewis H. Denison, became his sole heir at law. This action was brought to set aside conveyances made of the son's property by the father in the son's name. The father could not take advantage of his own wrong and would not be heard to question these conveyances himself. Nor should a recovery be had in the name of an administrator which will apparently inure to his benefit. It does not appear that there are any creditors of the estate of Porter L. Denison, deceased, but if there are such, and it becomes necessary to resort to this property to satisfy their claims, they should be required to proceed in such manner as will leave the conveyances intact, except in so far as they affect the rights of innocent third parties. This is a manifest attempt on the part of the father to take advantage of his own fraud and wrong, by indirection and in the name of another. I therefore concur in the judgment.

FULLERTON and HADLEY, JJ., took no part.