[No. 14717½. Department One. August 8, 1918.]

FARMERS & MECHANICS BANK et al., Respondents, v. WESTERN LOAN & BUILDING COMPANY, Appellant.[1]

BANKS AND BANKING—AUTHORITY OF OFFICERS—DEEDS. A deed by a bank president and cashier who were principal stockholders, executed without special authority and acquiesced in by the directors, is within the apparent scope of their authority.

DEEDS—VALIDITY—FICTITIOUS NAME. A deed taken in a fictitious name, with subsequent transfer in such name, passes title and the instruments are valid in the hands of an innocent holder.

MORTGAGES—FAILURE TO RECORD—LOSS. Where the failure to record a mortgage deed enables the title holders to convey under a fictitious name and mortgage to an innocent party, the loss must fall upon the negligent mortgagee.

Appeal from a judgment of the superior court for Stevens county, Jackson, J., entered January 6, 1917, declaring null and void a mortgage executed under an assumed name and awarding priority to a subsequently recorded prior mortgage. Reversed.

[1]Reported in 174 Pac. 1.

*F. Leo Grinstead* and *Jas. Ingebritson,* for appellant.

TOLMAN, J.—The respondent on or about the 23d day of July, 1912, made a loan of upward of $2,000 to the First State Bank of Marcus, and took as security therefor a deed to Ortho Dorman, as trustee, to lot 11, block 32, in the town of Marcus, and other property, which deed was not placed of record until September 17, 1914. After the making of the loan and the delivery of the deed, the north forty feet of lot 11, block 32, was conveyed by deed to one James McClure, which deed was placed of record, and on February 16, 1914, the appellant made a loan of $1,200 to James McClure, and took as security a mortgage on the north forty feet of lot 11, block 32, which had been conveyed as stated. Afterwards the First State Bank of Marcus became insolvent and went into the hands of a receiver, respondent's loan became delinquent, and this action was brought for the purpose of having the deeds held by respondent's trustee declared to be mortgages, and for their foreclosure and the application of the proceeds toward the payment of the balance of $1,500 which still remained unpaid upon the respondent's loan to the bank. For the purposes of foreclosure, James McClure, the appellant, the receiver of the bank, and C. W. Barringer, M. I. Barringer, and Paul Barringer were made parties defendant. All defaulted except the appellant, which appeared by cross-complaint seeking the foreclosure of its mortgage, and the receiver; and issues were joined upon the respondent's complaint and the appellant's cross-complaint.

The trial court found that James McClure was a fictitious person, that the mortgage executed by him and held by the appellant was null and void and constituted a cloud upon the title to the north forty feet

of lot 11, block 32, and gave the respondent a judgment and decree of foreclosure accordingly.   From this judgment the appeal is taken, and errors are assigned sufficient to raise the questions herein to be discussed.

The particular points to be decided are, first, the question of the validity of the appellant's mortgage, and, second, if valid, is it prior or subsequent to the lien of respondent's mortgage?

Some contention appears to have been made in the court below as to the authority of C. W. Barringer, as president, and M. I. Barringer, as cashier of the bank, to execute the deed to James McClure, conveying the north forty feet of lot 11, block 32.   Aside from the authority given to the president and cashier by the by-laws of the bank, which are in evidence, and which probably are sufficient, it appears that the Barringers were the principal stockholders of the bank as well as the officers through whom it transacted all of its business; and as the deed upon which respondent relies was executed by them without any special authority being shown from the directors of the bank, who at all times acquiesced in everything that the Barringers did, it must be held that it was within the scope of their apparent authority to execute the McClure deed.   *First Nat. Bank of Kennewick v. Conway*, 87 Wash. 506, 151 Pac. 1129.

The receiver's answer to the cross-complaint alleged that McClure was a dummy used by Barringer to defraud the bank, and that McClure was a fictitious person nonexistent at the time of the execution of the mortgage.   Upon a careful study of the record, we find that the evidence amply supports these allegations. This being so, it follows from all the evidence in the case, that James McClure was the name adopted by C. W. Barringer for the purpose of the manipu-

lation of the affairs of the bank. And the effect of the deed was to vest title to the property conveyed in Barringer. In *Chapman v. Tyson*, 39 Wash. 523, 81 Pac. 1066, we had occasion to consider the effect of taking title in, and conveying by, an assumed or fictitious name, and after reviewing the authorities at some length we there held that title would so pass. It follows, therefore, that the title being vested in Barringer under the fictitious name of McClure, the mortgage and note made by Barringer under that name and delivered by him to the appellant were valid instruments in the hands of an innocent holder.

It appears from the record in this case that the appellant relied absolutely upon the record title in its acceptance of the mortgage made in the name of McClure and the advancement of the money thereby secured, and had no knowledge or notice of any fact which would put it upon inquiry, either as to respondent's rights under its then unrecorded deed, or the wrongdoing of Barringer; and as respondent might by a timely recording of its deed have not only perfected its rights, but also have put it beyond the power of Barringer to further deal with the property, and thus have prevented loss to the appellant, a familiar rule of equity applies to the effect that as between two innocent persons the one whose act or omission made possible the wrong shall bear the loss.

The judgment will be reversed, with directions to the trial court to enter a decree establishing the appellant's mortgage as a first lien upon the property therein described and directing its foreclosure.

MAIN, C. J., MITCHELL, PARKER, and FULLERTON, JJ., concur.