In the Matter of the Estate of JULIA MARSHALL FOSTER, Deceased.

Surrogate's Court, Orange County, April 26, 1940.

*Heywood & Benedict* [*Henry Hirschberg* of counsel], for the executor.

*Rorty & Mayo* [*Philip A. Rorty* of counsel], for the claimed legatee.

TAYLOR, S. The will of this decedent provides a substantial legacy to " Mr. Frederic Foster Carey, of Tuxedo Park, Orange County, New York," and the questions are presented by reason of the fact that there were father and son of the same name living at the same address.

The fiduciary takes the position that the burden is upon the one claiming to be the individual intended to prove that allegation. A fiduciary is in law disinterested with respect to conflicting claims to the same legacy, except that it is his duty to pay it over only to the person he is satisfied is the person intended by the testator and he may seek the court's decision in this respect.

The burden of establishing identity is upon the person claiming the testamentary gift. In 2 Davids' New York Law of Wills it is stated (p. 1067): " Burden of establishing identity — presumptions. One who claims a testametary gift must be prepared to establish that he is the person for whom it was intended by the testator. The claimant must sustain the burden of proof where he contends that he is within general words of description, or where he claims that the words of the will are a misnomer or misdescription."

In *Thorn* v. *Hall* (10 App. Div. 412; affd., 160 N. Y. 661), after reciting that " I now hold obligations against certain of my friends," the will directed the executor not to urge payment of any such obligations within two years of the death of the testatrix, and in an action by the executor to recover for money lent, it was held to be incumbent upon the defendant to prove that he was included within the broad and inclusive term " my friends," rather than for the executor to prove the negative.

In the famous case of *Matter of Wendel* (143 Misc. 480; 146 id. 260) the surrogate placed the burden of proving relationship to the testatrix upon the persons claiming to be within the class of legal distributees.

The fiduciary further claims that even if the burden of proof were upon him to satisfy the court of the identity of the legatee, he is entitled to rely upon the presumption that where there is a father and son with the same name, the father is intended if there is nothing by way of description or otherwise to show that the son was intended. This presumption finds support in the text books and adjudged cases.

In *Padgett* v. *Lawrence* (10 Paige Ch. 170), involving the identity of a grantee in a deed, it was said: " The word junior forms no part of the name of the grantee, but is merely descriptive of the person; and is usually adopted to designate the son where the father bears the same christian name as well as the family name. Where the word junior is left out, it is only presumptive evidence that the oldest person of the name, and who will answer the other matters of description in the deed, was the grantee intended; and the presumption may be rebutted by showing that the grantor intended to convey to the son by the name and description contained in the deed."

This seems to be the only decision in this State upon this problem.

Going to the text books, we find it stated in 4 Wigmore on Evidence ([1905] § 2529) that " where the two persons of the same name are father and son, the name is commonly presumed to have been used of the father;" in Jones on Evidence ([3d ed.] § 100, p. 131) it was said: " If father and son have the same name, in the absence of proof, it will be presumed, when the name is used without any addition of senior or junior, that the father is intended;" in 45 Corpus Juris, 372 (title " Names "): " When father and son bear the same name, by the use of the name without addition, the father is *prima facie* intended, and of two persons not father and son, the elder is presumed to be intended," and in 3 Abbott's Trial Evidence ([4th ed.] p. 1353), " that if there are two persons, father and son, of the same name, the use of the name without addition means presumptively, in the absence of other evidence, the father."

This rule seems to be more or less universal, for we find it was decided in *Chapman* v. *Tyson* (39 Wash. 523; 81 P. 1066) that " When a father and son have the same name, and a conveyance of land is made without designating whether to the father or son, the law will presume that the father was intended for the grantee, in the absence of proof to the contrary."

*Bolster* v. *Lambert* (67 Ore. 134; 135 P. 325) was an action to remove a cloud on the title and to obtain the cancellation of two mortgages. The plaintiff claimed to be the owner in fee as one of the heirs of A. J. Beers, Jr., her father, and by deed from the other heirs. The father of plaintiff was A. J. Beers and her grandfather's name was A. J. Beers. Certain of the defendants are mortgagees through A. J. Beers, Sr., and his grantee. The deed was to A. J. Beers without any description. The proof showed circumstances indicating that A. J. Beers, Jr., was intended, but it was said: " When a father and son have exactly the same name, and a deed is made, and a grantee bears the common name, with nothing to indicate which one was intended to be the grantee, there is a disputable presumption that the father was intended."

Referring to the case of *Hess* v. *Stockard* (99 Minn. 504; 109 N. W. 1113) we find the court stating:

" The contention of the plaintiff is that where father and son have the same name and a conveyance of land is made to one of them without designating whether to the father or to the son, the law will presume, in the absence of evidence to the contrary, that the father was intended as the grantee; and, further, that in this case there are no other facts found which would rebut the presumption that Jacob Neutzling, Sr., was the grantee in the deed referred to in the third finding. * * *

" Upon principle and authority we are of the opinion, and so hold, that where father and son have the same name as the grantee in a conveyance of land, and neither is otherwise designated as the grantee, the father will be presumed to be the grantee if other things are equal and there is no evidence to the contrary."

*Doty* v. *Doty* (159 Ill. 46; 42 N. E. 174) states the rule to be " Independently of any evidence to the contrary, or other things being equal, it would undoubtedly be presumed that the Elijah Doty mentioned in the certificate of entry and in the patent was the father, instead of the son, for where a father and son have the same name, and a conveyance of land is made, leaving it uncertain on the face of the deed whether the grant is to the father or the son, the law will presume that the father was intended as the grantee, in the absence of proof to the contrary."

Counsel for the son contends that his initial burden is satisfied as soon as he proves the identity of his name with that in the will, and cites in support of that contention *Jackson* v. *Cody* (9 Cow. 140). That case involved title to real property and is distinguishable from the question under consideration in that the plaintiff was entitled to rely upon the presumption that identity of name presumes identity of person of grantee and subsequent grantor.

The elder Carey predeceased the testatrix and it is urged that the son was the only individual in being at the time of the death of the testatrix to answer the description in the will and that this brings into application the unquestioned rule that a will speaks as of the testator's death. While admitting the correctness of the rule it has no application here; rather, we should apply the equally well-settled rule that a testator speaks as of the date of the execution of his will. Mrs. Foster definitely intended one or the other of these two individuals, for she did not provide in her will that it was meant to refer to the one who survived her. If we adopt the rule urged, then it would follow that the son would be the legatee if the father predeceased the testatrix and that the father would be the legatee if the son predeceased the testatrix. No such uncertainty was intended.

That a testator is presumed to speak as of the date of the execution of his will is a principle supported by innumerable cases, among which are *Morris* v. *Sickly* (133 N. Y. 456); *Matter of Hoffman* (201 id. 247); *Matter of Delaney* (133 App. Div. 409; affd., 196 N. Y. 530); *Matter of Young* (171 Misc. 947); *Matter of Lage* (167 id. 636); *Matter of Hilliard* (164 id. 677).

That the rule mentioned is the one to be followed here is very patently presented by *Matter of Bradley* (119 Misc. 2) wherein there was a bequest to " Mrs. Eli Ellis." After the execution of the will and before the death of the testator, this Mrs. Ellis died and her husband remarried. The legacy was claimed by the second Mrs. Ellis, but the surrogate held that " Unless there be something in a will indicating the contrary, a gift to the ' wife ' of a designated married man is a gift to the wife existing at the time of the making of the will and not to one whom he may subsequently marry." The decision in the case would have been different had the gift been to the " widow " of a designated person. (*Meeker* v. *Draffen*, 137 App. Div. 537, 539.)

The parol evidence rule will not be violated by placing the burden upon the one claiming to be the legatee of satisfying the court of that fact, through extrinsic proof, for such evidence would be received not to vary the terms of the will but to apply the will provisions. (*Matter of Altman*, 115 Misc. 476, 478; *Brown* v. *Quintard*, 177 N. Y. 75; *Matter of Olmstead*, 131 Misc. 238; *Matter of Dering*, 140 id. 357; affd., 235 App. Div. 656; *Hart* v. *Marks*, 4 Bradf. 161.)

It may be in order to consider the effect of the presumption which will be applied in this case (viz., that the father instead of the son was intended). The presumption here is rebuttable, but standing alone it would be sufficient to establish *prima facie* that the father and not the son was intended, and to make it incumbent upon the son by extrinsic evidence to show that he instead was really the legatee. (*McCabe* v. *Union Dime Savings Bank*, 150 Misc. 157; *Kennell* v. *Rider*, 225 App. Div. 391; affd., 252 N. Y. 602; *Union Mills* v. *Harder*, 191 id. 483; *Lincoln Trust Co.* v. *Williams Building Corp.*, 229 id. 313.)

The trial of the issue will proceed accordingly.