■ DONALD B. KIAER, Appellant, v JOHN GILLIGAN, Respondent, et al., Defendant. [883 NYS2d 224]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his reply brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered April 29, 2008, as granted the motion of John Gilligan (Senior) pursuant to CPLR 3211 (a) (8) to dismiss the complaint and all cross claims insofar as purportedly asserted against him on the ground of lack of personal jurisdiction and denied that branch of his cross motion which was for leave to serve an amended complaint pursuant CPLR 3025 (b).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied as unnecessary, and that branch of the plaintiff's cross motion which was for leave to serve an amended complaint is granted; and it is further,

Ordered that the amended complaint attached to the plaintiff's cross motion is deemed served on the defendant John Gilligan (Junior); and it is further,

Ordered that the time for the plaintiff to serve the amended summons and complaint on John Gilligan (Senior), joining him as a defendant, is extended until 30 days after service upon him of a copy of this decision and order.

The plaintiff was injured when he lost control of the van he was driving and collided with a utility pole. The van's airbag allegedly failed to deploy, thus contributing to the seriousness of the plaintiff's alleged injuries. The plaintiff commenced this action against, among others, "John Gilligan," the person who lent him the van, alleging, in part, that "John Gilligan" owned the van, gave the plaintiff permission to use it, and failed to properly maintain it. The complaint identified the "defendant John Gilligan" as "an individual residing at . . . New York." It is undisputed that this specified address was the address of John Gilligan (Junior) (hereinafter Gilligan Junior), and that the summons and complaint were personally delivered to Gilligan Junior at that address. Gilligan Junior has not answered the complaint and has not otherwise appeared in this action.

Gilligan Junior's father, also named John Gilligan (hereinafter Gilligan Senior), served and filed an answer in which he acknowledged that he was the owner of the van, but raised the affirmative defense of lack of personal jurisdiction. Neither Gilligan uses, as part of his name, a suffix, such as Jr. or Sr. Gilligan Senior moved to dismiss the complaint and all cross claims insofar as purportedly asserted against him on the ground that he had not been served with the summons and complaint (see CPLR 3211 [a] [8]). Gilligan Senior asserted that, inasmuch as the complaint alleged that "John Gilligan" was the owner of the van, and he, rather than Gilligan Junior, was the registered owner, it was he, and not Gilligan Junior, who was the defendant. In opposition, the plaintiff asserted that the motion should be denied because Gilligan Junior was the named defendant and had been personally served with the summons and complaint. Additionally, the plaintiff cross-moved, inter alia, for leave to serve an amended complaint to, among other things, add Gilligan Senior as a defendant. In the order appealed from, the Supreme Court granted Gilligan Senior's motion and denied the plaintiff's cross motion, inter alia, on the ground that the proposed amended complaint was "insufficient as a matter of law." We reverse the order insofar as appealed from.

The Supreme Court erred in concluding that Gilligan Senior was the defendant and in granting his motion to dismiss the

complaint and all cross claims insofar as purportedly asserted against him. The plaintiff identified the "defendant John Gilligan" as the person residing at the address of Gilligan Junior, and personally served Gilligan Junior with the summons and complaint at his home (*see* CPLR 308 [1]). Additionally, it is undisputed that, at the time of the accident, Gilligan Senior was not a resident at that address, and had been, for at least 1½ years, a resident of Ireland. Consequently, it is clear, as the plaintiff contends, that Gilligan Junior was the intended defendant (*cf. Federici v Metropolis Night Club, Inc.*, 48 AD3d 741, 742 [2008]; *Padgett v Lawrence*, 10 Paige Ch 170 [1843]; *Matter of Foster*, 173 Misc 1024 [1940]).

Leave to amend pleadings should be "freely given" (CPLR 3025 [b]). "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). The plaintiff did not delay in this case in seeking to amend the complaint, and neither the Supreme Court, nor Gilligan Junior, nor Gilligan Senior has identified any palpable insufficiency or patent lack of merit in the proposed amended complaint. Consequently, that branch of the plaintiff's cross motion which was for leave to serve an amended complaint should have been granted. Fisher, J.P., Dickerson, Eng and Hall, JJ., concur.